UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE   HUMALA   and   OSCAR   ZHAGNAY,
*on behalf of themselves and all other employees
similarly situated*,

                            Plaintiffs,

        -against-

PHILCO'S HOME IMPROVEMENT, CORP.,
PHILCO'S & SON, INC., *along with any and all
agents, subsidiaries and affiliates,* and SEGUNDO
F. PILLCO,

                        Defendants.
-------------------------------------------------------------------X

Civil Action No.

**COLLECTIVE AND
CLASS ACTION
COMPLAINT**

*Jury Trial Demanded*

Plaintiffs JOSE HUMALA and OSCAR ZHAGNAY, on behalf of themselves and all other similarly situated employees of Defendants, including former employees, by and through their attorneys, the law firm of AVALLONE & BELLISTRI, LLP, as and for their Collective and Class Action Complaint against their employers, Defendants PHILCO'S HOME IMPROVEMENT CORP., *et al.*, allege upon personal knowledge as to themselves, and upon information and belief as to all other similarly situated employees, the following:

## NATURE OF ACTION

1.      Plaintiffs bring this action seeking monetary damages, as well as injunctive and declaratory relief, to redress Defendants' violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.,* the New York State Labor Law ("NYLL") §§ 190, *et seq.*, the New York State Minimum Wage Act ("NYMWA"), NYLL §§ 650, *et seq.*, and the New York Minimum Wage

Order for Miscellaneous Industries and Occupations, 12 N.Y. Code of Rules and Regulations §§ 142, *et seq.*, as well as other appropriate laws, rules, regulations, statutes and ordinances, for the deprivation of rights secured to Plaintiffs JOSE HUMALA and OSCAR ZHAGNAY, individually, as well as all other similarly situated employees of Defendants, including former employees, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Class Members"), based upon, *inter alia*, Defendants' failure to pay their employees the overtime rate of one and one-half (1.5) times the regular rate of pay and/or minimum wage, as applicable, for hours worked in excess of forty (40) hours in a work week, as well as Defendants' insistence that employees perform work without "clocking in." Class Members consist of, as further described below, "Driver/Delivery/Install Personnel." The Class Members are all current or former members of Defendants' workforce whose rights were, and/or are presently, violated by Defendants as stated herein.

2.      Plaintiffs JOSE HUMALA and OSCAR ZHAGNAY and others similarly situated (hereinafter "Driver/Delivery/Install Personnel") are not exempt employees from the overtime pay requirements under federal or state law. Defendants failed, and continue to fail, to pay Driver/Delivery/Install Personnel time-and-one-half pay for overtime hours.

3.      The Driver/Delivery/Install Personnel are required, under threat of termination by Defendants, to work many hours for which they are never paid overtime. For example, Driver/Delivery/Install Personnel work as many as twelve (12) to sixteen (16) hours per day, sometimes seven (7) days per week, all without being lawfully compensated.

4.      Defendants' failure to pay the named Plaintiffs, as well as other similarly situated Class Members, overtime wages and other wages for hours mandated to work, is a violation of, *inter alia*, the FLSA, the NYLL and the NYMWA.

5.      Plaintiffs JOSE HUMALA and OSCAR ZHAGNAY, on behalf of themselves and a class of other similarly situated current and former employees of Defendants, seek a declaratory judgment, monetary damages in the form of unpaid wages for work performed and overtime hours worked for which they did not receive overtime premium pay as required by both state and federal law, liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, reasonable attorney's fees, costs of this action, as well as any other and further relief this Court may deem just and proper, pursuant to the FLSA, 29 U.S.C. § 216(b), the NYLL and NYMWA §§ 198 and 663.

JURISDICTION AND VENUE

6.      Jurisdiction of this Court is based upon 29 U.S.C. §§ 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, giving this Court jurisdiction over all state law claims brought in this action.

7.      Defendants PHILLCO'S HOME IMPROVEMENT CORP. and PHILLCO & SONS, INC. are New York corporations with a principal place of business located at 105-35 93rd Street, 1st Floor, Ozone Park, New York, 11417 ("Corporate Headquarters"). Defendants PHILLCO'S HOME IMPROVEMENT CORP. and PHILLCO & SONS, INC.PHILLCO service retail stores and private entities throughout Long Island (Nassau and Suffolk Counties) and the New York City Boroughs of Queens and Brooklyn.

3

Accordingly, venue of this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### PLAINTIFF JOSE HUMALA

8.     Plaintiff JOSE HUMALA is currently a resident of the State of New York, County of Queens.  At all times relevant herein, Plaintiff JOSE HUMALA resided in the County of Queens.

9.     At all times relevant to this Complaint, JOSE HUMALA was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190(2).

10.     Plaintiff JOSE HUMALA was employed by Defendants as a Driver/Delivery/Installer at their Corporate Headquarters, 105-35 93rd Street, 1st Floor, Ozone Park, New York from on or about January 2009 through September 2016.

11.     During the course of his employment, Plaintiff JOSE HUMALA was an hourly employee as defined by the NYLL, and therefore, was entitled to minimum wage and overtime.

### PLAINTIFF OSCAR ZHAGNAY

12.     Plaintiff OSCAR ZHAGNAY is a resident of the State of New York, County of Queens. At all times relevant herein, Plaintiff OSCAR ZHAGNAY resided in the County of Queens.

13.     At all times relevant to this Complaint, Plaintiff OSCAR ZHAGNAY was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C.  § 203(e) and the NYLL § 190(2).

14.    Plaintiff OSCAR ZHAGNAY was employed by Defendants as a Driver/Delivery/Installer at their at their Corporate Headquarters, 105-35 93rd Street, 1st Floor, Ozone Park, New York from on or about January 2013 through September 2017.

15.    During the course of his employment, Plaintiff OSCAR ZHAGNAY was an hourly employee as defined by the NYLL, and therefore, was entitled to minimum wage and overtime.

<u>DEFENDANTS</u>

16.    Defendants PHILCO'S HOME IMPROVEMENT CORP. and PHILCO & SONS, INC. ("Corporate Defendants") are New York corporations that provide, *inter alia*, contracting and home improvement services.

17.    Defendants PHILCO'S HOME IMPROVEMENT CORP. and PHILCO & SONS, INC. are headquartered in Ozone Park, New York and provide services throughout Long Island (Nassau and Suffolk Counties) and the New York City Boroughs of Queens and Brooklyn. With regard to the instant Collective and Class Action Complaint, the afore-named Corporate Defendants, the below individually-named corporate Executive and Management Staff Member Defendant, including any and all agents, affiliates, associates, divisions, subsidiaries, shell and/or dummy corporations of said Corporate Defendants, whether specifically named-herein or still presently unknown to Plaintiffs, are hereinafter collectively referred to as PHILCO.

18.    Upon information and belief, PHILCO, at all times relevant herein, has been engaged in interstate commerce as defined in the FLSA, 29 U.S.C. § 203(b).

19.    Defendant SEGUNDO F. PILLCO a/k/a SEGUNDO PHILCO ("PILLCO") at all times relevant to this Complaint, is and was the President and Chief

Executive Officer/Owner/Manager/Shareholder/Principal of PHILLCO and is an "employer" under the FLSA and will be jointly liable under the Act.

20.   Defendant PILLCO participates in the day-to-day operations of Corporate Defendants, acted intentionally and maliciously, is an "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants. Defendant PILLCO is actively involved in payroll functions for Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

21.   Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are, or were formerly, employed by Defendants at any time from January 2009 to the entry of judgment in this case ("Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime at rates not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours per workweek ("Collective Action Members").

22.   This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are several hundred Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, knowledge of their claims or are in fear of retaliation.

23.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced, knowledgeable and competent in the fields of employment law and collective/class action litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those members of this collective action.

24.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

25.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact that are common to all Plaintiffs and other Collective Action Members are:

    a.    Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

    b.    Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

    c.    What proof of hours worked is sufficient where Defendants failed in their duty to maintain time records;

d.  Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.  Whether Defendants failed to pay the Collective Action Members for all hours worked as well as overtime compensation for hours worked in excess of forty (40) hours per work week, in violation of the FLSA and the regulations promulgated thereunder;

f.  Whether Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA;

g.  Whether Defendants are liable for damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.  Whether Defendants should be enjoined from such violations of the FLSA in the future.

26.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

<u>CLASS ACTION ALLEGATIONS</u>

27.    Plaintiffs bring the Second, Third, Fourth, Fifth and Sixth Causes of Action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the Rule 23 Class), consisting of:

> All persons who work or worked as a Driver/Delivery/Installer for Defendants in the Tri-State area from September, 2009, through the date the Court certifies the class (The Rule 23 Class Period). Excluded are Defendants and any corporations, partnerships, or other entities affiliated with them.

28.     Plaintiffs bring their NYLL claims on behalf of all persons who are, and were formerly, employed by Defendants at any time since January 2009, the entry of judgment in this case ("Class Action Period"), who were non-exempt employees within the meaning of the NYLL and have not been paid regular wages and overtime wages in violation of the NYLL ("Class Action Members").

29.     The Class Action Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are several hundred Class Action Members during the Class Action Period.

30.     The claims of Plaintiffs are typical of the claims of all Class Action Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the Corporate Defendants, lack access to attorneys, lack knowledge of their claims, and are in fear of retaliation.

31.     The Defendants have acted or refused to act on grounds generally applicable to the Class Action Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Action Members as a whole.

32.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

33.    Plaintiffs have the same interests in this matter as all other Class Action Members and Plaintiffs' claims are typical of all Class Action Members.

34.    There are questions of law and fact common to all Class Action Members which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    Whether Defendants employed the Class Action Members within the meaning of NYLL;

    b.    Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Action Members;

    c.    What proof of hours worked is sufficient where Defendants failed in their duty to maintain accurate time records;

    d.    Whether Defendants failed and/or refused to pay the Class Action Members for all hours worked as well as premium pay for hours worked in excess of forty (40) hours per work week within the meaning of the NYLL;

    e.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, and statutory damages, interest, costs and disbursements and attorneys' fees; and

    f.    Whether Defendants should be enjoined from such violations of the NYLL in the future.

## SUBSTANTIVE ALLEGATIONS

### PLAINTIFFS JOSE HUMALA, OSCAR ZHAGNAY and others similarly situated

35.    Plaintiff JOSE HUMALA was employed by Defendants as a Driver/Delivery/Installer from in or about January 2009 through September 2016.

36.    While employed by Defendants, Plaintiff JOSE HUMALA was required to routinely work in excess of fifteen (15) hours per day, six (6) or more days per week.

37.    As a matter of routine, Defendants told Plaintiff JOSE HUMALA that he must travel to and from each delivery location to deliver and install all appliances on his truck. Plaintiff JOSE HUMALA was warned by Defendants that he could not return until all said appliances were delivered and installed, otherwise he would not get paid.

38.    Plaintiff JOSE HUMALA was required to travel, deliver and install appliances to between fifteen (15) and twenty-five (25) locations on a given day.

39.    Defendants paid JOSE HUMALA *well below* minimum wage and Plaintiff JOSE HUMALA was *never* compensated for overtime hours.

40.    Defendants routinely denied Plaintiff JOSE HUMALA breaks and meal periods, for which he was never compensated.

41.    Furthermore, in the event that any issues arose upon delivery (*inter alia*, a customer was unsatisfied with an appliance, the wrong appliance was shipped, an appliance was found to be damaged, etc.), Defendants required Plaintiff JOSE HUMALA to re-load the appliance on the truck and return it. Plaintiff JOSE HUMALA was never compensated for the hours devoted to said delivery and return, nor was he credited for that stop.

42.    No deductions were ever taken from Plaintiff JOSE HUMALA's pay, including, but not limited to, social security taxes, Federal, State, or City taxes, and Medicare taxes.

43.    Defendants terminated Plaintiff JOSE HUMALA in or about September 2016

44.    Plaintiff OSCAR ZHAGNAY was employed by Defendants as a Driver/Delivery/Installer from in or about January 2013 through September 2017.

45.    While employed by Defendants, Plaintiff OSCAR ZHAGNAY was required to routinely work in excess of fourteen (14) hours per day, six (6) or more days per week.

46.    As a matter of routine, Defendants told Plaintiff OSCAR ZHAGNAY that he must travel to and from each delivery location, deliver and install all appliances on his truck. Plaintiff OSCAR ZHAGNAY was warned by Defendants that he could not return to the Warehouse until all said appliances were delivered and installed, otherwise he would not get paid.

47.    Plaintiff OSCAR ZHAGNAY was required to travel, deliver and install appliances to between fifteen (15) and twenty-five (25) locations on a given day.

48.    Defendants paid OSCAR ZHAGNAY *well below* minimum wage and Plaintiff JOSE HUMALA was *never* compensated for overtime hours.

49.    Defendants routinely denied Plaintiff OSCAR ZHAGNAY breaks and meal periods, for which he was never compensated.

50.    Furthermore, in the event that any issues arose upon delivery (*inter alia*, a customer was unsatisfied with an appliance, the wrong appliance was shipped, an appliance was found to be damaged, etc.), Defendants required Plaintiff OSCAR ZHAGNAY to re-load the appliance on the truck and return it. Plaintiff OSCAR ZHAGNAY was never compensated for the hours devoted to said delivery and return, nor was he credited for that stop.

51.    No deductions were ever taken from Plaintiff OSCAR ZHAGNAY's pay, including, but not limited to, social security taxes, Federal, State or City taxes and Medicare taxes.

52.    Defendants terminated Plaintiff OSCAR ZHAGNAY in or about September 2017.

53.    All Driver/Delivery/Install Personnel often worked for more than ten (10) hour intervals and were not paid "spread-of-hours-pay" by Defendants as required by the NYLL.

54.    The employment practices set forth above represent Defendants' policy and procedure for all Driver/Delivery/Install Personnel in their employ.


**FIRST CAUSE OF ACTION**
(Violation of the FLSA – Overtime Pay)

55.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

56.    During the FLSA Collective Period, Plaintiffs and the FLSA Collective Action Members were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

57.    During the FLSA Collective Period, Plaintiffs and the Collective Action Members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

58.     During the FLSA Collective Period, Defendants have been and continue to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

59.     During the FLSA Collective Period, Defendants had annual gross revenue in excess of ONE MILLION DOLLARS ($1,000,000.00).

60.     Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).   Plaintiffs' written consent is attached hereto as Exhibit A and incorporated by reference herein.

61.     Under the FLSA, employees are entitled to overtime pay at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a work week.  29 U.S.C. § 207(a)(1).

62.     Employees of a retail or service establishment are entitled to overtime pay under the FLSA unless their base rate of pay meets two conditions: (1) the employee's regular rate of pay is more than one and one-half times the minimum hourly wage, and (2) more than half the employee's compensation for a representative period represents commissions on goods and services ("Commissioned Sales Worker Exemption").   29 U.S.C. § 207(i).

63.     Plaintiffs and the Collective Action Members were not exempt from FLSA's overtime requirements under the Commissioned Sales Worker Exemption.

64.     During the FLSA Collective Period one and one-half times the federal minimum wage equaled $10.875 per hour based on the minimum wage of $7.25 per hour which has been in effect from July 24, 2009, through the present.

65.    Plaintiffs' routinely worked six (6) or more days a week in excess of fourteen (14) hours per day. Irrespective of the number of hours worked, Defendants compensated Plaintiffs with a fixed daily rate of pay.

66.    As a result of Defendants' willful failure to compensate its employees for all the hours worked by them, including Plaintiffs and the Collective Action Members, for all the hours worked by them, and failure to compensate its employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.    Defendants' failure to pay the Plaintiffs and the Collective Action Members was willful within the meaning of the FLSA, and therefore a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

68.    As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

69.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70.    As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied pay for all of their hours worked and overtime wages, in amounts to be determined at trial and are therefore

entitled to recovery of such amounts, an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(Violation of the New York Labor Law [NYLL] – Overtime Pay)

71.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

72.    During the Rule 23 Class Period, Plaintiffs and members of the Rule 23 Class were "employees" within the meaning of N.Y. Lab. Law §§2 and 651(5) and N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14.

73.    During the Rule 23 Class Period, Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

74.    The NYLL requires employers to pay overtime under the New York Minimum Wage Act.  An employer must pay its employees one-and-one-half times the regular rate for all hours worked in excess of forty (40) hours in a work week.   12 NYCRR § 142-2.2.  Employers shall be liable in the amount of any underpayments and for liquidated damages as provided by NYLL §§ 198.1-a and 663.

75.    Defendants have no "good faith" basis and reasonable grounds for their underpayment of Plaintiffs and the Class Members.

76.    Throughout the Rule 23 Class Period, Defendants failed to pay Plaintiffs and the Class Members overtime wages of not less than one and one-half times their regular hourly rate for each hour worked in excess of forty in a workweek.

77.    Defendants' failure to pay overtime to Plaintiffs and the Class Members violated the NYLL.

78.    Defendants' failure to pay Plaintiffs and the Class Members overtime wages was not in good faith.  Plaintiffs and the Class Members are entitled to recover overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

79.    In addition Plaintiffs and the Class Members seek to enjoin Defendants from their continuing violations of the NYLL, Article 19.

**THIRD CAUSE OF ACTION**
(Violation of the NYLL – Unpaid Wages)

80.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

81.    The NYLL requires employers to pay wages for each hour worked. NYLL §§ 190(1) *et seq*.

82.    Defendants did not pay Plaintiffs and the Class Members for each hour worked.

83.    Defendants' failure to pay Plaintiffs and the Class Members for each hour worked was not in good faith.

84.    Plaintiffs and the Class Members are entitled to recover overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

85.    In addition Plaintiffs and the Class Members seek to enjoin Defendants from their continuing violations of the NYLL, Article 19.

## FOURTH CAUSE OF ACTION
(Violation of the NYLL – Spread-of-Hours Pay)

86.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

87.     The NYLL requires employers to pay an extra hour's pay for each day that an employee ends work more than ten hours after that employee began work ("spread-of-hours pay").  NYLL §§190 *et seq*. and §§ 650 *et seq*.

88.     Defendants failed to pay Plaintiffs and the Class Members an additional hour's pay at the basic minimum hourly wage rate for each day that they worked a spread of hours that exceeded ten hours or a shift in excess of ten hours.

89.     Defendants' failure to pay spread-of-hours wages was not in good faith.

90.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.


## FIFTH CAUSE OF ACTION
(Violations of NYLL – Failure to Include All Required Information on Wage Statements)

91.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

92.     Section 195(3) of the NYLL requires employers to provide each nonexempt employee with a wage statement that includes "the number of regular hours worked, and the number of overtime hours worked" by that employee during each work week.  NYLL §§ 195(3); 12 N.Y.C.R.R. § 142-2.7.

93.     Plaintiffs and the Class Members meet the definition of employee under section 651(5) of the NYMWA, N.Y. Lab. Law § 651(5), and therefore are not exempt from overtime pay under the NYLL.

94.     Defendants failed to include on their wage statements "the number of regular hours worked, and the number of overtime hours worked" each work week by Plaintiffs and the Class Members.

95.     Defendants' failure to provide this information on wage statements as required by the NYLL was not in good faith.

96.     Under section 198(1-d), Plaintiffs and the Class Members are each entitled to damages of fifty ($50.00) dollars for each work week in which Defendants violated section 195(3) of the NYLL by not furnishing them with a proper wage notice, and damages of one hundred ($100.00) dollars for each work week that Defendants failed to provide them with accurate wage statements up to a maximum of twenty-five hundred ($2,500.00) dollars, together with costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
(Unjust Enrichment – Failure to Pay All Wages Due Including Overtime and Spread of Hours)

97.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

98.     At all times relevant to this action, Defendants, by their policies and actions, benefited from, and increased their profits and personal compensation by, failing to pay Plaintiffs and the Class Members:  (1) all wages due for work performed including but not limited to overtime for hours worked in excess of forty (40) hours in a work week at one and one-half times their regular wage rate; and (2) an extra hour at the minimum

wage for working a "spread of hours" in excess of ten hours or a shift longer than ten hours.

99.     Defendants accepted and received the benefits of the work performed by Plaintiffs and the Class Members at the expense of Plaintiffs and the Class Members, and as such, Defendants were unjustly enriched.

100.    It is inequitable and unjust for Defendants to reap the benefits of Plaintiffs' and the Class Members' labor.

101.    Plaintiffs and the Class Members are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts.

## JURY DEMAND

102.    Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Action Members and/or Rule 23 Class Members, respectfully request the Court grant the following relief:

A.      An Order certifying this action as a collective action pursuant to Fed. R. Civ. P. 23(b) for the violations of the FLSA as it pertains to the First Cause of Action under 29 U.S.C. § 216(b) for the FLSA Collective Action Members described herein and designating Plaintiffs and their counsel to represent the FLSA Collective Action Members;

B.      An Order using notice at the earliest possible time or allowing Plaintiffs to give notice pursuant to 29 U.S.C. §216(b) of this collective action to all similarly situated members of the FLSA Opt-In Class who have been employed by Defendants.  Such notice shall inform them of the filing of this civil action, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

C.      An Order certifying the case as a class action pursuant to Fed. R. Civ. P. 23 as it pertains to the Second through Sixth Causes of Action for the Rule 23 Class Members described herein, certifying Plaintiffs as class representative, and designating Plaintiffs' counsel as class counsel;

D.      Judgment for Plaintiffs and the FLSA Collective Action Members for all statutory, compensatory, liquidated, and punitive damages or any other damages authorized by law or equity sustained as a result of Defendants' unlawful conduct, as well as prejudgment and post-judgment interest;

E.      Judgment for Plaintiffs and the Rule 23 Class members for all statutory, compensatory, and liquidated damages, or any other damages authorized by law or equity sustained as a result of Defendants' unlawful conduct, as well as prejudgment and post-judgment interest;

F.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and the NYLL and requiring Defendants to comply with the FLSA and the NYLL in the future;

G.      An award to Plaintiffs, the FLSA Collective Action Members, and/or the Rule 23 Class Members of reasonable attorneys' fees, expert fees, costs, and expenses as authorized by law;

H.    An award of pre-judgment and post-judgment interest; and

I.    Any and all other relief as this Court deems just and proper.

Dated: Lake Success, New York
       August 8, 2018

                                        Yours, etc.,

                                        AVALLONE & BELLISTRI, LLP

                                        By:    _____
                                               Christopher F. Bellistri, Esq.
                                               Rocco G. Avallone, Esq.
                                               *Attorneys for Plaintiffs and the*
                                               *Putative FLSA Collective Class*
                                               3000 Marcus Avenue, Suite 3E07
                                               Lake Success, New York 11042
                                               (516) 986-2500