**Record of Conference and Orders: Vera M. Scanlon, USMJ**    Date: 7/17/2019

Case: <u>Humala et al v. Philco's Home Improvement Corp. et al</u>    Telephone Conference @ 3:30 PM

Civ.: 1:18-cv-04479-ARR-VMS

**ECF Recording in 13A South:**   ☑ Telephone Conference    ☐ In-person Conference

*3:38 – 3:50*

**Counsel:** *(See separately docket entry or document for specific appearances)*

☑ Counsel for Plaintiff(s)  ☐ Pro Se Plaintiff(s)  ☑ Counsel for Defendant(s)  ☐ Pro Se Defendant(s)

**Conference Type:**

☐ Initial Conference  ☐ Status Conference  ☐ Settlement Conference  ☑ Motion Hearing  ☐ Discovery Conference  ☐ JPTO Conference  ☐ Other _____

**Further to the conference, discovery and other scheduling dates are as follows:**
*(If dates previously set by the Court are not reset, they remain as stated in the previous order.)*

☐ Motions decided on the record    *[17] by R&R*

☐ Rule 26(a) disclosures, incl. supplements

☐ Document requests to be served

☐ Interrogatories to be served

☐ Amended pleadings, incl. joinder    ☐ To be served    ☐ To be filed
  ☐ Complaint ☐ Answer             ☐ On consent ☐ By motion ☐ By PMC letter

☐ Joint status letter ☐ Stip of dismissal to be filed

☐ **Status conference**    Date:    Time:
  ☐ **In person** ☐ **Telephone (718) 613-2300**    **To be organized by:**

☐ Specific depositions to be held

☐ Fact discovery closes

☐ Expert disclosures to be served

☐ Initial expert report(s) to be served

☐ Rebuttal expert report(s) to be served

☐ Expert discovery closes

☐ All discovery closes

☐ **Joint letter confirming discovery is concluded**

☐ Summary judgment to be initiated    ☐ PMC letter ☐ Briefing

☐ Joint pre-trial order to be filed    ☐ Letter for conference ☐ Proposed JPTO

☐ Proposed confidentiality order to be filed

☐ Consent to Magistrate Judge to be filed

☐ **Settlement Conference**    Date:    Time:

Page 1 of 2

**Vera M. Scanlon, USMJ**
**Conference Orders, Continued**

Case: <u>Humala et al v. Philco's Home Improvement Corp. et al</u>     Civ.: 1:18-cv-04479-ARR-VMS

Date: 7/17/2019

**Additional Orders:**

The Court respectfully requests that the District Court approve as fair and reasonable under Cheeks the attached settlement agreement with modifications to Paragraphs. 4(a), 4(c), 4(d), 5, and 13 as consistent with the discussions with counsel based on the Court's review of the settlement submissions at [17] and [18], and conferences held on 12/19/18, 4/24/19, and today. Given the defendant's production of records indicating payments to Πs, Πs' likelihood of a significant payment greater than this settlement is not likely. The negotiations were conducted at arms length, including during the 4/24/19 conference with the Court. The Court has amended provisions in the agreement inconsistent with Cheeks and its progeny. The parties may object to this recommendation within 14 days of its entry, or lose the right to appeal.

Page 2 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AVALLONE & BELLISTRI, LLP
*ATTORNEYS FOR PLAINTIFFS*
3000 Marcus Avenue, Suite 3E7
Lake Success, New York 11042
(516) 986-2500

ATTORNEY OF RECORD:
ROCCO G. AVALLONE, ESQ.
CHRISTOPHER F. BELLISTRI, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE HUMALA and OSCAR ZHAGNAY, *on behalf of themselves and all other employees similarly situated,*

                    Plaintiffs,           Civil Action No.18-CV-4479

    -against-

PHILCO'S HOME IMPROVEMENT, CORP.,
PHILCO'S & SON, INC., *along with any and all agents, subsidiaries and affiliates,* and SEGUNDO F. PILLCO,

                    Defendants.
-------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND LIMITED RELEASE

WHEREAS, Plaintiffs Jose Humala and Oscar Zhagnay ("Plaintiffs"), Philco's Home Improvement Corp. Philco's & Son, Inc. and Segundo F. Pillco (collectively "Philco Defendants") desire to resolve, settle and agree to dismissal with prejudice of all claims and all issues raised in or by the Plaintiffs' Complaint in the above action (the "Action") against all Defendants ("Defendants"), without further litigation or adjudication, and to preclude all further or additional claims which the Plaintiff has made or could make, arising up to and as of the date of the execution of the instant Agreement relating in any way to the claims alleged in the Action against the Defendants;

WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, and in any other document or statement whatsoever;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, the Action by Plaintiffs shall be dismissed in its entirety with prejudice as against the Defendants by the Court subject to the terms of the Parties' stipulation;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Additional Definitions**.

    (a) "Releasors" shall be defined to include, but not be limited to, Plaintiff, on behalf of himself and his past, present and future representatives, attorneys, agents, heirs, successors and assigns; and

    (b) "Released Parties" shall be defined to include the Defendants and all presently or formerly affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors,

agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons and entities.

2. **Plaintiffs' Commitments.** In exchange for the promises made by Defendant Parties in paragraph "5" below, Plaintiffs agree to execute this document, and Plaintiffs' counsel will provide Defendant Parties' counsel with the executed Stipulation and Order of Dismissal appended hereto as Exhibit "A" and executed forms W-9 for Plaintiffs and Plaintiffs' counsel along with any other documents needed to settle, dismiss and withdraw, with prejudice, the Action by Plaintiff against the Defendants, as detailed below.

3. **Limited Release of Claims.**

Releasor knowingly and voluntarily releases and forever discharges Released Parties of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Released Parties as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, arising out of Plaintiffs' wage and/or wage/hour claims, including, but not limited to, any alleged violation of: the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; any other federal, state, city or local wage-hour, wage-payment, or related laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for liquidated damages, interest, costs, fees, or other expenses, including attorneys' fees against Released Parties, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiffs, including the limited release of claims as set forth herein, and confidentiality as provided for herein, Defendant Parties agree to pay the total sum of Forty-Eight Thousand Dollars and No Cents ($48,000.00) ("the Settlement Amount") which shall be apportioned to Plaintiffs and Plaintiffs' counsel as set forth below. Such Settlement Amount is in consideration for and in full satisfaction of all wage and/or wage/hour related claims Plaintiffs may have against Defendants, known or unknown, asserted or unasserted, through the date of Plaintiffs' complete execution of the Agreement. Payment of the Settlement Amount shall be made as follows:

(b) The Defendants agree to provide Plaintiffs, JOSE HUMALA and OSCAR ZHAGNAY, with a check made payable to "Avallone & Bellistri." as attorneys for Plaintiffs in the sum of Sixteen Thousand Dollars ($16,000.00), for payment of Plaintiffs' attorneys' fees and costs incurred in this matter, for which the Defendants will issue an IRS form 1099 to Avallone & Bellistri.

(c) The Defendants agree to provide Plaintiff, JOSE HUMALA, through his counsel with a check made payable to "JOSE HUMALA" in the amount of ~~Seventeen Thousand~~ Sixteen Thousand five hundred and seventy one dollars and 43/100 Cents ~~Nine Hundred and Twenty Dollars ($17,920.00)~~, for alleged interest and liquidated damages for ($16,571.43) which the Defendants will issue an IRS form 1099 to Plaintiff, JOSE HUMALA..

(d) The Defendants agree to pay Plaintiff, OSCAR ZHAGNAY, a total of fifteen thousand four hundred twenty eight dollars and 57/100 Cents ~~Fourteen Thousand and Eighty Dollars ($14,080.00)~~. Oscar Zhagnay has already received Five Thousand Dollars ($5,000.00) directly from Defendants on or about September 25, 2018. As ($15,428.57) such, Oscar Zhagnay, through his counsel will receive a check made payable to "OSCAR ZHAGNAY" in the amount of ~~Nine Thousand and Eighty Dollars ($9,080.00)~~, for alleged Ten Thousand Four hundred twenty eight dollars and 57/100 Cents ($10,428.57)

4

interest and liquidated damages for which the Defendants will issue an IRS form 1099 to Plaintiff, OSCAR ZHAGNAY.

(e) The Settlement Sum shall be paid within thirty (30) calendar days following the filing of the settlement papers with the court and Court's So Ordering of the Stipulation and Order of Dismissal and receipt by Defendant Parties' counsel of W-9s from Plaintiffs and from Avallone & Bellistri.

(f) The payments shall be sent to Avallone & Bellistri which shall be responsible for distribution of the payments.

5. **Acknowledgments and Affirmations.** Plaintiffs represents, warrants and acknowledges that there are *bona fide* disputes between Plaintiffs and the Defendants as to whether Plaintiffs is entitled to receive unpaid wages as alleged, and that Plaintiffs have not compromised his claims by entering into this Agreement. Plaintiff understands and acknowledges that Defendant Parties have reached this Agreement with Plaintiff solely for the purposes of avoiding further litigation costs and expenses associated with Plaintiff's claim and do not, by entering into this Agreement, acknowledge any liability to Plaintiff or anyone else. Since the Parties recognize that Court approval of this settlement will be sought and the Parties will request dismissal with prejudice of the Action by Plaintiff, Plaintiff will cooperate fully to obtain supervision, approval and dismissal with prejudice. During the course of that process, ~~Plaintiff agrees that, unless otherwise ordered by the Court, neither Plaintiffs nor any person acting on their behalf, shall request or otherwise support public disclosure of this Agreement in connection with any application for approval of this settlement.~~

6. **Execution.** The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. Plaintiffs are represented by counsel of their

choosing and certifies that they are satisfied with the advice and services of their counsel, Avallone & Bellistri. The meaning, effect and terms of this Settlement have been fully explained to Plaintiff by his counsel. Plaintiffs hereby affirms that they fully understands that this Agreement settles, bars and waives any and all wage payment and/or wage/hour claims that he could possibly have against Released Parties, including but not limited to claims under the Fair Labor Standards Act, the New York Labor Law or any other wage payment or wage/hour law.

7. **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Released Parties of any liability or unlawful conduct of any kind.

8. **Severability and Modification.** Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative agency or other entity, and should such provision not be susceptible to interpretation or modification to be enforceable (which the Parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the limited release contained herein were further limited or held to be null and void, Plaintiffs shall execute additional or supplemental limited release agreements waiving any and all claims covered hereby. If Plaintiff refuses to execute additional or supplemental limited release agreements, Plaintiff shall return, upon demand by Defendant Parties, all payments made hereunder.

9. **Section Headings.** Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

10. **Entire Agreement.** This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clause), and includes the terms of the Stipulation and Order of Dismissal attached hereto as Exhibit "A," which is expressly incorporated herein, represents the complete understanding between the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a release by Plaintiff of all actual or potential wage payment claims, whether known or unknown, as set forth herein. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement.

11. **Tax Liability.** Plaintiffs shall be required to ensure that all taxes relating to any amounts paid hereunder properly are paid. In the event that taxes, interest or penalties are held to be due and owing as a result of the foregoing payments, the taxes, interest or penalties shall be the sole obligation and liability of the individual Plaintiffs, who agree to indemnify and hold Defendant Parties harmless for any taxes, interest or penalties incurred by Defendant Parties relating to the payments.

12. **Capability to Waive Claims.** Plaintiffs expressly represent that Plaintiffs are able to affect a knowing and voluntary waiver and general release of claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and to waive all wage payment and/or wage/hour claims, they have or may have against Released Parties. Plaintiffs certify that they are not a party to any bankruptcy, lien,

creditor-debtor or other proceeding which would impair his right to settle this case and to waive all claims he may have against Released Parties.

13. **Confidentiality.**

(a) Plaintiffs shall not, except as compelled by law, a court or government entity, publicize or disclose to any person any term of this Agreement. This covenant of confidentiality includes, but is not limited to, the terms of this Agreement and Plaintiff's receipt of the payments hereunder. Other than as required by law or governmental agency, no disclosure will be made to anyone by Plaintiffs other than to discuss the terms hereof with his attorneys, immediate family or tax advisors (all of whom must first agree not to make any disclosure that Plaintiffs themselves could not make). Upon receipt of any inquiry regarding this proceeding, Plaintiffs, or any representative thereof, shall state only that it has been resolved to the satisfaction of the Parties unless otherwise required by law. This subparagraph shall not apply to disclosures made to the Court in the instant lawsuit if required by the Court to obtain Court approval of the settlement.

(b) Other than Plaintiffs' counsel, Plaintiffs confirm that, as of this date of execution hereof, they have not told any current or former employee of Defendant Parties or anyone else about the specific terms, conditions or amount paid under this Agreement. Plaintiffs also confirm that, as of the date of execution hereof, they have not contacted any department or agency regarding any potential or alleged violations of any law, rule, regulation by the Defendants, and that he will not do so in the future to the extent permitted by law.

(c) Plaintiffs understand and agree that violation of this covenant of confidentiality, whether by any Plaintiff or by an individual to whom limited disclosure is authorized pursuant to Paragraph 12(a), shall constitute a material breach of this Agreement,

8

which will cause Defendant Parties to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement).

(d) This Agreement shall not be filed with the Court and shall remain forever confidential, except to the extent required to obtain the Court's dismissal of the Action by Plaintiffs and all claims asserted by Plaintiffs therein, if so required by the Court. Plaintiffs agree to join and support any application by Defendant Parties to any judicial or administrative body to preserve and uphold this confidentiality provision, including any application to the assigned District Court Judge, Hon. Allyne R. Ross or Magistrate Judge Vera M. Scanlon.

14. **Counterparts.** This Agreement may be signed in counterparts. A fax or scan signature may serve as an original Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "5", PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEYS, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS, INCLUDING BUT NOT LIMITED TO WAGE PAYMENT CLAIMS, THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

DATED: 5/14, 2019          By: _____
                                JOSE HUMALA

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

On the 14 day of May in the year 2019 before me, the undersigned personally appeared JOSE HUMALA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

ROCCO AVALLONE
Notary Public, State of New York
No. 02AV4981892
Qualified in Suffolk County
Commission Expires May 20, 20 19

DATED: 05/14 , 2019        By: _____
                                OSCAR ZHAGNAY


STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

On the 14 day of May in the year 2019 before me, the undersigned personally appeared OSCAR ZHAGNAY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

ROCCO AVALLONE
Notary Public, State of New York
No. 02AV4981892
Qualified in Suffolk County
Commission Expires May 20, 20 19

PHILCO'S HOME IMPROVEMENT CORP.

Dated: 5/30, 2019

By: _____

PHILCO'S & SON, INC..

Dated: 5/30, 2019

By: _____

Dated: 5/30, 2019

By: _____
SEGUNDO F. PILLCO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE HUMALA and OSCAR ZHAGNAY, *on behalf
of themselves and all other employees similarly situated*,

                                  Plaintiffs,               Civil Action No.18-CV-4479

      -against-

PHILCO'S HOME IMPROVEMENT, CORP.,
PHILCO'S & SON, INC., *along with any and all agents,
subsidiaries and affiliates,* and SEGUNDO F. PILLCO,

                                  Defendants.
-------------------------------------------------------------------X

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

WHEREAS, this Stipulation and Order of Final Dismissal With Prejudice ("Stipulation") is entered into between Plaintiffs Jose Humala and Oscar Zhagnay ("Plaintiffs") and all Defendants ("Plaintiffs" and "Defendants" collectively hereinafter "Parties"), by and through their undersigned counsel of record; and

WHEREAS, the Plaintiffs commenced this action on or about August 8, 2019 seeking damages for alleged unpaid minimum wage and overtime pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), alleged failure to pay spread of hours pay, and failure to pay earned wages in violation of the NYLL; and

WHEREAS the Parties understand and agree that the Defendants deny each and every allegation of wrongdoing asserted in this litigation, including, but not limited to, all such allegations contained in Plaintiffs' Complaint, and in any other papers filed or served by Plaintiffs or on Plaintiffs' behalf in the above-captioned action;

WHEREAS the Parties exchanged relevant documents, deliberated over the claims and defenses in the case, engaged in good-faith, arms-length negotiations and believe the terms of the Negotiated Settlement Agreement & Limited Release constitute a full and fair settlement of the claims raised by Plaintiffs in this lawsuit or that could have been raised by Plaintiffs in this lawsuit, taking into account the allegations asserted by Plaintiffs, the relevant documents and the defenses asserted by Defendants and that Plaintiffs have not compromised their claims;

This Court, having considered the foregoing at a settlement approval conference conducted on April 24, 2019 before Magistrate Judge Vera M. Scanlon, IT IS HEREBY ORDERED, that the above-captioned action by Plaintiffs is hereby dismissed in its entirety against the Defendants (including all FLSA and NYLL claims), with prejudice.

| | |
|---|---|
| AVALLONE & BELLISTRI, LLP<br>*ATTORNEYS FOR PLAINTIFFS*<br>3000 Marcus Avenue, Ste. 3E07<br>Lake Success, NY 11042<br>(516) 986-2500 | JOHN J. NAPOLITANO, ESQ..<br>*ATTORNEYS FOR DEFENDANTS*<br>55 Woodland Drive<br>Oyster Bay, New York 11771<br>(917) 952-7106 |
| By: _/s/ Rocco G. Avallone_<br>     Rocco G. Avallone, Esq. | By: _/s/ John J. Napolitano_<br>     John J. Napolitano, Esq. |
| Dated: 5/14/19 | Dated: 5/30/19 |

SO ORDERED:

_____
Hon. Allyne R. Ross

Dated: _____, 2019
       Central Islip, New York

2